**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE: Southern Tree Professionals LLC )    Case No.: 25-21754-jrs

Jermaine Brown )
    Creditor )
_____ Southern Tree Professionals LLC )    Chapter: 11

Debtor(s)

_____ Designation of Items  Statement of Issues

I am going to designate an entry of the
order, the statement of issues will be
attached on the coverpage 1, and the
transcript also, the order was entered
1/27/2026, the transcript was request
for audio was requested on this day 1/27/2026
but not yet received, and the statement
of issues attached. (omit punctuation)

Dated: 2/9/26

Signature: _____

Printed Name: Jermaine Brown

Address: 5016 Windsor Downs
Dr Decatur GA 30035

Phone: 470-606-7124

FILED CLERK'S OFFICE
U.S.BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2026 FEB -9 AM 9:14
VANIA S. ALLEN
CLERK
BY: DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
NORTHERN DIVISION OF GEORGIA
GAINSVILLE DIVISION

IN RE: SOUTHERN TREE PROFESSIONALS LLC.

Jermaine Brown                                        Case #25-21754-jrs

Creditor                                                          11

v.                                              Adversary # _____

Southern Tree Professionals LLC.                        Appeal #

Debtor

**NOTICE OF APPEAL TO THE UNITED STATES DISTRICT COURT UNDER FRBP
8002 d1A TO HAVE THE DISTRICT COURT ENTER RULING REGARDING A
FEDERAL QUESTION IN AN OBJECTION RAISED CONCERNING THE DECISION
TO SUSPEND THE BANKRUPTCY PROCEEDING UNDER FRBP 8007 1 d DUE TO
THE DEBTOR NOT ENTERING PROPER LEAVE INVOLVING A BANKRUPTCY
CASE PENDING APPEAL CONCERNING A STATE COURT MATTER THAT WAS
FILED UNDER 11 USC 521 a 1 AS THE ATTORNEY WHO IS NOW THE
REGISTERED AGENT FOR THE INSURANCE COMPANY WAS UNTIMELY AND
IMPROPERLY ENTERED ON THE RECORD WHICH THE STATUTE OF
LIMITATION HAD PASSED REGARDING THE TIME TO ENTER A VACATUR THAT
WAS PRESENTED UNDER FRCP 60 b 4 MAKING THE VACATURE VOID WHILE EX
PARTE COMMUNICATION WAS ASSOCIATED BETWEEN THE DEPUTY AND
ATTORNEY ACCORDING TO AN ELECTRONIC MAILING SENT OVER FROM THE
DEPUTY IN VIOLATION OF 24 CFR 180.215 REGARDING THE LEVYING OF
PROPERTY ACTING OUTSIDE OF HIS SCOPE AFTER REFUSAL TO PAY
JUDGEMENT BY THE DEFENDANT IN A COURT ORDER OF THE FIERY FACIA
THAT WAS SERVED UPON THE COMPANY THROUGH THE COUNTY SHERIFFS
BUT UNSATISFIED**

Plaintiff/Appellant/ Creditor
Jermaine Brown
**5016** Windsor Downs
Decatur, Ga 30035
470-606-7124
brownnash1113@gmail.com
Ucc1-308 ARR

**Party:  Attorney: Debtor**

1

**Southern Tree Professionals LLC**
**2743 Orchard Knob SE**
**Atlanta, GA 30339**
**FANNIN-GA**
**Tax ID / E IN: 45-4081418**

**Represented by Ceci Christy**
**Rountree Leitman Klein & Geer, LLC**
**2987 Clairmont Rd, Ste 350**
**Atlanta, GA 30329**
**404-584-1238**
**Fax: 404-219-6915**
**Email: cchristy@rlkglaw.com**

**William A. Rountree**
**Rountree Leitman Klein & Geer, LLC**
**Century Plaza I, Suite 350**
**2987 Clairmont Road**
**Atlanta, GA 30329404-584-1238**
**Email: wrountree@rlkglaw.com**

**Clerk of the U.S. Bankruptcy Court**
**United States Bankruptcy Court and**
**United States Courthouse**
**121 Spring Street**
**Gainesville Georgia 30351**

**U.S. Trustee**
**United States Trustee**
**362 Richard Russell Federal Building**
**75 Ted Turner Drive, SW**
**Atlanta, GA 30303**
**404-331-4437**
**represented by David S. Weidenbaum**

**Office of the U.S. Trustee**

2

**362 Richard B. Russell Bldg.**
**75 Ted Turner Drive, SW**
**Atlanta, GA 30303**
**(404) 331-4437**
**Email: david.s.weidenbaum@usdoj.gov**

## RULES OF PROCEDURE

### FRBP 8002 NOTICE OF APPEAL

**FRCP 60 B 4 (A) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS**

**AND OMISSIONS.**                                    Page 5

**11 U.S.C. 105 POWER OF COURT**                    Page 6

**11 USC 521 A 1 (A) DEBTORS DUTIES**               Page 6

**24 CFR § 180.215 EX PARTE COMMUNICATIONS**   Page 7

3

**FRBP 8007 1 D STAY PENDING APPEAL; BONDS;    SUSPENSION OF**

**PROCEEDINGS)**                                    **Page 7**

**CONCLUSION**                                      **Page 8**

**FRCP 60 B 4 (A) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS.**

A correction concerning oversight so that the court may fix the issue of the order concerning the part of the record in objection of remanding the case back to the State Appellate Court is being requested in hopes that the final decision may rest with the District Court where under " Key Aspects of **FRCP 60 B 4 (A) CORRECTIONS BASED ON OVERSIGHTS** ", the District Court may choose to elect a final decision rather than remand the case back to the State Appellate Court being that is a federal matter. Relief from final judgement of the order is being sought regarding this matter as this mistake presents an error that may cause further injury due to  fraud, misconduct, or misrepresentation being a factor in this case on behalf of the defendants involving acts of bad faith, and a frivolous conduct by the defendants due to the bankruptcy filing and several other scenarios. The attempt by the bankruptcy filer to abrogate from the Georgia Appeals Court by filing the claim outside the county,  an earlier faulty judgement that was fraudulently vacated on behalf of the defendant by a frivolous claim filed against the original initiated case in State Court where a security interest of the Fiery Facia was established further proves the frivolous claims filed by Attorney Kistler, the registered agent and staff defense for Cincinnati Insurance Company is a product of fraud. Attorney Kistler not only presented frivolous claims but also proved a conflict of interest where an earlier filing in the District Court against the Cincinnati Insurance Company was dismissed as it was previously proven that there was no location for the company in the State of Georgia. This case has been prolonged, causing prejudice and inflicting further harm by creating unnecessary delays, proving fraud, perjury, misconduct, showing conflict, by disregarding liability for the injured party.

5

This humiliating process clearly shows prejudice, malicious conduct, and malicious intent.

At this time the movant moves to suspend any further hearing, enact the claw back provision, and nullify the bankruptcy case is being requested based on fraud, misconduct, misrepresentation, and perjury.

### Key Aspects of 11 U.S.C. § 105 (Power of Court)

As stated in Key Aspects of **11 U.S.C. § 105 Power of Court**, Due Process has been violated where the power of the court is involved as a direct order was interfered with by an unentered representative of the case before the debtor filed for bankruptcy pending appeal in the Georgia Court of Appeals, but did not list the plaintiff who was the appellant as a creditor raising an issue by way of exclusion from the meeting of the creditors by abrogating away from the proper process. It was the duty of the debtor under the key aspects of **11 USC 521 A 1 (A) DEBTORS DUTIES** to name the plaintiff who is the appellant party as a creditor. This action greatly implies fraud and voids the bankruptcy filing.

### 11 USC 521 A 1 (A) DEBTORS DUTIES

Pursuant **11 USC 521 A 1 (A) DEBTORS DUTIES**, the list of the debtor's affairs highlights that a list of creditors concerning the debtors' affairs should be entered and covers facts involving pending cases whereas in the current situation, a pending appeal in the Georgia Court of Appeals pertaining to the debtor was active but they did not notify the courts or the appellant of the filing forcing an automatic stay neglecting the duty to enter a leave from the Appellate Court causing an abuse of process in this action. This action anchored the case and could have possibly caused sanctions regarding the appellant and appellee concerning the continuous filing of motions while not knowing the bankruptcy filing existed. The suggestion of

6

bankruptcy was created to put the appellant on notice to prevent further injuries and permit

proper leave from the court but was not applied until the appellant learned of the bankruptcy

proceeding which was a month later and had to take action by filing a suggestion of bankruptcy

rather than the debtor following the appropriate steps to notify the court. This is fraud and voids

any action taken by the company and the representatives concerning the bankruptcy filing due to

perjury.

### 24 CFR § 180.215 EX PARTE COMMUNICATIONS

Regarding **24 CFR § 180.215 Ex parte communications**, an attorney is not allowed to

communicate with a deputy or interfere with a court order. While the Deputy sent to serve the

fiery facia admitted to speaking with the attorney before being properly entered sua sponte

during the service of the order interfering with the levying process and interfering with the

process in whole, where they later filed a vacatur past the statute of limitation. Staff defense

Bernard Kistler later presenting himself as the attorney and later the registered agent for the

insurance company was improperly and untimely entered in the case to apply any motion while

performing duties outside of his scope conflicting interests. This is an act of fraud and voids any

action brought forth concerning this matter.

**FRBP Rule 8007. Stay Pending Appeal; Bond; Suspending Proceedings**

Concerning rule 8007, the request for relief from automatic stay was an option and

request presented only if the bankruptcy judge had agreed to reinforce the final judgement

previously obtained involving a liquidated amount as set forth by the State Court Judge.

**CONCLUSION**

**Objection is being raised concerning the complete initial proceeding from the beginning filing date. Omit punctuation. The facts show perjury and fraud making the case void.**

At this time it is clear that liability is being evaded and fraud is the center of the structure of this filing. Stay is being sought until the bankruptcy case is dismissed in its entirety due to fraud, perjury, misconduct, and misrepresentation. Compensation is being requested in the amount of the previous awarded amount of liquidated funds. Also a joinder for the insurance company to enter will be requested in the adversary proceeding, and a request for the insurance policy limits to cover all fees incurred concerning legal fees, and punitive damages along with the accrued interest.

Jermaine Brown
**5016** Windsor Downs
Decatur, Ga 30035
470-606-7124
brownnash1113@gmail.com
Ucc1-308 ARR

8

Plaintiff/Appellant/ Creditor
Jermaine Brown
**5016** Windsor Downs
Decatur, Ga 30035
470-606-7124
brownnash1113@gmail.com
Ucc1-308 ARR

Plaintiff/Appellant/ Creditor
Jermaine Brown
**5016** Windsor Downs
Decatur, Ga 30035
470-606-7124
brownnash1113@gmail.com
Ucc1-308 ARR

**Party:  Attorney: Debtor**

**Southern Tree Professionals LLC**
**2743 Orchard Knob SE**
**Atlanta, GA 30339**
**FANNIN-GA**
**Tax ID / E IN: 45-4081418**

**Represented by Ceci Christy**
**Rountree Leitman Klein & Geer, LLC**
**2987 Clairmont Rd, Ste 350**
**Atlanta, GA 30329**
**404-584-1238**
**Fax: 404-219-6915**
**Email: cchristy@rlkglaw.com**

**William A. Rountree**
**Rountree Leitman Klein & Geer, LLC**
**Century Plaza I, Suite 350**
**2987 Clairmont Road**
**Atlanta, GA 30329404-584-1238**

9

**Email: wrountree@rlkglaw.com**

**Clerk of the U.S. Bankruptcy Court**
**United States Bankruptcy Court and**
**United States Courthouse**
**121 Spring Street**
**Gainesville Georgia 30351**

**U.S. Trustee**
**United States Trustee**
**362 Richard Russell Federal Building**
**75 Ted Turner Drive, SW**
**Atlanta, GA 30303**
**404-331-4437**
**represented by David S. Weidenbaum**

**Office of the U.S. Trustee**
**362 Richard B. Russell Bldg.**
**75 Ted Turner Drive, SW**
**Atlanta, GA 30303**
**(404) 331-4437**
**Email: david.s.weidenbaum@usdoj.gov**

https://www.law.cornell.edu/rules/frbp/rule_8007

**FRBP Rule 8007. Stay Pending Appeal; Bond; Suspending Proceedings**

a) INITIAL MOTION IN THE BANKRUPTCY COURT.

(1) *In General*. Ordinarily, a party must move first in the bankruptcy court for the following

relief:

(A) a stay of the bankruptcy court's judgment, order, or decree pending appeal.

(b) MOTION IN THE DISTRICT COURT, BAP, OR COURT OF APPEALS ON DIRECT APPEAL.

10

(1) *In General*. A motion for the relief specified in (a)(1)—or to vacate or modify a bankruptcy court's order granting such relief—

(2) *Required Showing*. The motion must:

(B) if a motion has already been made in the bankruptcy court, state whether the court has ruled on it, and if so, state any reasons given for the ruling.

(3) *Additional Requirements*. The motion must also include:

(A) the reasons for granting the relief requested and the facts relied on;

(B) affidavits or other sworn statements supporting facts subject to dispute; and

(C) relevant parts of the record.

https://law.justia.com/codes/georgia/title-9/chapter-11/article-7/section-9-11-55/

### GA Code § 9-11-55 (2024)

(a)When case in default; opening as matter of right; judgment. If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled

11

to verdict and judgment by default, in open court or in chambers, as if every item and

paragraph of the complaint or other original pleading were supported by proper evidence,

without the intervention of a jury, unless the action is one ex delicto or involves

unliquidated damages, in which event the plaintiff shall be required to introduce evidence

and establish the amount of damages before the court without a jury, with the right of the

defendant to introduce evidence as to damages and the right of either to move for a new

trial in respect of such damages; provided, however, in the event a defendant, though in

default, has placed damages in issue by filing a pleading raising such issue, either party

shall be entitled, upon demand, to a jury trial of the issue as to damages. An action based

upon open account shall not be considered one for unliquidated damages within the

meaning of this Code section.

1. Anyone who files a bankruptcy must answer question 5 of the Statement of Financial

   Affairs in the bankruptcy petition. This question asks:

   **"WITHIN ONE YEAR BEFORE YOU FILED A BANKRUPTCY CASE WERE**

**YOU A PARTY TO A LAWSUIT, COURT ACTION OR ADMINISTRATIVE**

**PROCEEDING? LIST ALL SUCH MATTERS INCLUDING PERSONAL INJURY**

**CASES, SMALL CLAIMS ACTIONS, DIVORCES, COLLECTION  SUITS, SUITS TO**

**ESTABLISH PATERNITY, SUPPORT CUSTODY MODIFICATIONS AND CONTRACT**

**DISPUTES."**

https://www.law.cornell.edu/rules/frcp/rule_60

**FRCP 60 B 4 (A) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS.**  (a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice, but after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void; based on bad faith

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

https://www.law.cornell.edu/uscode/text/11/105

**Key Aspects of 11 U.S.C. § 105 (Power of Court):**

13

(a)The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

(a)The debtor shall—

    (1) file—

    (A) a list of creditors; and

Abuse Prevention: Courts may use this section to prevent abuses of the process, such as fraudulent activity.


https://www.law.cornell.edu/uscode/text/11/105

**11 USC 521 A 1 (A) DEBTORS DUTIES**

(a) The debtor shall—

(1) file—

(A) a list of creditors; and

iii) a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate— B) all information supplied by a debtor in connection with a case under this title is subject to examination by the Attorney General.


https://www.ecfr.gov/current/title-24/subtitle-B/chapter-I/part-180/subpart-B/section-

**24 CFR § 180.215 Ex parte comunicaciones.**

(b) Ex parte communications are prohibited.

14

https://www.law.cornell.edu/rules/frbp/rule_8007

**FRBP Rule 8007. Stay Pending Appeal; Bond; Suspending Proceedings**

a) INITIAL MOTION IN THE BANKRUPTCY COURT.

(1) *In General.* Ordinarily, a party must move first in the bankruptcy court for the following

relief:

(A) a stay of the bankruptcy court's judgment, order, or decree pending appeal.

(b) MOTION IN THE DISTRICT COURT, BAP, OR COURT OF APPEALS ON DIRECT APPEAL.

(1) *In General.* A motion for the relief specified in (a)(1)—or to vacate or modify a bankruptcy

court's order granting such relief—

(2) *Required Showing.* The motion must:

(B) if a motion has already been made in the bankruptcy court, state whether the court has ruled

on it, and if so, state any reasons given for the ruling.

(3) *Additional Requirements.* The motion must also include:

(A) the reasons for granting the relief requested and the facts relied on;

(B) affidavits or other sworn statements supporting facts subject to dispute; and

(C) relevant parts of the record

https://law.justia.com/codes/georgia/title-9/chapter-11/article-7/section-9-11-55/

**GA Code § 9-11-55 (2024)**

15

(a)When case in default; opening as matter of right; judgment. If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages; provided, however, in the event a defendant, though in default, has placed damages in issue by filing a pleading raising such issue, either party shall be entitled, upon demand, to a jury trial of the issue as to damages. An action based upon an open account shall not be considered one for unliquidated damages within the meaning of this Code section.

**Rules of Law and Citations**

https://www.law.cornell.edu/rules/frcp/rule_60
**FRCP 60 B 4 (A) CORRECTIONS BASED ON CLERICAL
MISTAKES; OVERSIGHTS AND OMISSIONS.**

https://www.law.cornell.edu/uscode/text/11/105
**Key Aspects of 11 U.S.C. § 105 (Power of Court):**

https://www.law.cornell.edu/uscode/text/11/521
**11 USC § 521 A 1 (A) DEBTORS DUTIES**

https://www.ecfr.gov/current/title-24/subtitle-B/chapter-I/part-180/sub
part-B/section-
**24 CFR § 180.215 Ex parte communications.**

https://www.law.cornell.edu/rules/frbp/rule_8007
**FRBP Rule 8007. Stay Pending Appeal; Bond; Suspending Proceeding**

https://law.justia.com/codes/georgia/title-9/chapter-11/article-7/section-9-11-55/
**GA Code § 9-11-55 (2024)**

**Definitions**

### FRCP Rule 60. Relief from a Judgment or Order

(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void; based on bad faith

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) TIMING AND EFFECT OF THE MOTION.

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

18

(e) BILLS AND WRITS ABOLISHED. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

11 U.S. Code § 105 - Power of court

**(a)**The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

**(b)**Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title.

**(c)**The ability of any district judge or other officer or employee of a district court to exercise any of the authority or responsibilities conferred upon the court under this title shall be determined by reference to the provisions relating to such judge, officer, or employee set forth in title 28. This subsection shall not be interpreted to exclude bankruptcy judges and other officers or employees appointed pursuant to chapter 6 of title 28 from its operation.

**(d)**The court, on its own motion or on the request of a party in interest—

**(1)**shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case; and

**(2)**unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, may issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that—

**(A)**sets the date by which the trustee must assume or reject an executory contract or unexpired lease; or

**(B)**in a case under chapter 11 of this title—

**(i)**sets a date by which the debtor, or trustee if one has been appointed, shall file a disclosure statement and plan;

**(ii)**sets a date by which the debtor, or trustee if one has been appointed, shall solicit acceptances of a plan;

**(iii)**sets the date by which a party in interest other than a debtor may file a plan;

**(iv)**sets a date by which a proponent of a plan, other than the debtor, shall solicit acceptances of such plan;

**(v)**fixes the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement; or

19

**(vi)**provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

- **11 U.S.C. § 105** grants bankruptcy courts broad equitable powers to issue any order, process, or judgment necessary to carry out the Bankruptcy Code's provisions, enforce court orders, and prevent abuse of process. While courts may act *sua sponte* (on their own motion), they cannot appoint receivers or contravene specific statutory provisions. In federal bankruptcy cases, 11 U.S.C. § 105(b) specifically prohibits a court from appointing a receiver, notes the American Bankruptcy Institute.

https://www.law.cornell.edu/uscode/text/11/105

### Key Aspects of 11 U.S.C. § 105 (Power of Court):

- **Broad Authority:** Subsection (a) empowers the court to issue orders required to fulfill the purposes of the Bankruptcy Code.
- **Abuse Prevention:** Courts may use this section to prevent abuses of the process, such as fraudulent activity.
- **Limitations:**
  - **No Receivers:** A court may not appoint a receiver in a bankruptcy case.
  - **Cannot Override Code:** The Supreme Court in *Law v. Siegel 571 U.S. (Mar. 4, 2014)* ruled that Section 105 does not allow the court to contravene specific statutory requirements.
- **Procedural Control:** Subsection (d) allows the court to hold status conferences and issue orders establishing deadlines for filing plans or disclosure statements.
- **Contempt Power:** Courts have the inherent authority, often exercised through § 105, to hold parties in civil contempt for violating orders.

*11 U.S. Code § 105 - Power of court*

*(a)The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.*

20

**(b)** Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title.

**(c)** The ability of any district judge or other officer or employee of a district court to exercise any of the authority or responsibilities conferred upon the court under this title shall be determined by reference to the provisions relating to such judge, officer, or employee set forth in title 28. This subsection shall not be interpreted to exclude bankruptcy judges and other officers or employees appointed pursuant to chapter 6 of title 28 from its operation.

**(d)** The court, on its own motion or on the request of a party in interest—

**(1)** shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case; and

**(2)** unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, may issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, *including* an order that—

**(A)** sets the date by which the trustee must assume or reject an executory contract or unexpired lease; or

**(B)** in a case under chapter 11 of this title—

**(i)** sets a date by which the debtor, or trustee if one has been appointed, shall file a disclosure statement and plan;

**(ii)** sets a date by which the debtor, or trustee if one has been appointed, shall solicit acceptances of a plan;

**(iii)** sets the date by which a party in interest other than a debtor may file a plan;

**(iv)** sets a date by which a proponent of a plan, other than the debtor, shall solicit acceptances of such plan;

**(v)** fixes the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement; or

**(vi)** provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

21

- **11 U.S.C. § 105** *grants bankruptcy courts broad equitable powers to issue any order, process, or judgment necessary to carry out the Bankruptcy Code's provisions, enforce court orders, and prevent abuse of process. While courts may act sua sponte (on their own motion), they cannot appoint receivers or contravene specific statutory provisions. In federal bankruptcy cases, 11 U.S.C. § 105(b) specifically prohibits a court from appointing a receiver, notes the American Bankruptcy Institute.* (Pub. L. 95–598, Nov. 6, 1978, 92 Stat. 2555; Pub. L. 98–353, title I, § 118, July 10, 1984, 98 Stat. 344; Pub. L. 99–554, title II, § 203, Oct. 27, 1986, 100 Stat. 3097; Pub. L. 103–394, title I, § 104(a), Oct. 22, 1994, 108 Stat. 4108; Pub. L. 109–8, title IV, § 440, Apr. 20, 2005, 119 Stat. 114; Pub. L. 111–327, § 2(a)(3), Dec. 22, 2010, 124 Stat. 3557.) https://www.law.cornell.edu/uscode/text/11/105

## 11 USC 521 A 1 (A) DEBTORS DUTIES

**(a)** The debtor shall—

**(1) file**—

**(A)** a list of creditors; and

**(B)** unless the court orders otherwise—

**(i)** a schedule of assets and liabilities;

**(ii)** a schedule of current income and current expenditures;

**(iii)** a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate—

**(I)** of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110(b)(1), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or

**(II)** if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor;

**(iv)** copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;

**(v)** a statement of the amount of monthly net income, itemized to show how the amount is calculated; and

**(vi)** a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition;

**(2)** if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—

**(A)** within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; and

**(B)** within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph;

except that nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h);

**(3)** if a trustee is serving in the case or an auditor is serving under section 586(f) of title 28, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;

**(4)** if a trustee is serving in the case or an auditor is serving under section 586(f) of title 28, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title;

**(5)** appear at the hearing required under section 524(d) of this title;

**(6)** in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either—

**(A)** enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or

**(B)** redeems such property from the security interest pursuant to section 722; and

**(7)** unless a trustee is serving in the case, continue to perform the obligations required of the administrator (as defined in section 3 of the Employee Retirement Income Security Act of 1974) of an employee benefit plan if at the time of the commencement of the case the debtor (or any entity designated by the debtor) served as such administrator.

23

If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law, unless the court determines on the motion of the trustee filed before the expiration of such 45-day period, and after notice and a hearing, that such property is of consequential value or benefit to the estate, orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee.

**(b)** In addition to the requirements under subsection (a), a debtor who is an individual shall file with the court—

**(1)** a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor; and

**(2)** a copy of the debt repayment plan, if any, developed under section 109(h) through the approved nonprofit budget and credit counseling agency referred to in paragraph (1).

**(c)** In addition to meeting the requirements under subsection (a), a debtor shall file with the court a record of any interest that a debtor has in an education individual retirement account (as defined in section 530(b)(1) of the Internal Revenue Code of 1986), an interest in an account in a qualified ABLE program (as defined in section 529A(b) of such Code,[1] or under a qualified State tuition program (as defined in section 529(b)(1) of such Code).

**(d)** If the debtor fails timely to take the action specified in subsection (a)(6) of this section, or in paragraphs (1) and (2) of section 362(h), with respect to property which a lessor or bailor owns and has leased, rented, or bailed to the debtor or as to which a creditor holds a security interest not otherwise voidable under section 522(f), 544, 545, 547, 548, or 549, nothing in this title shall prevent or limit the operation of a provision in the underlying lease or agreement that has the effect of placing the debtor in default under such lease or agreement by reason of the occurrence, pendency, or existence of a proceeding under this title or the insolvency of the debtor. Nothing in this subsection shall be deemed to justify limiting such a provision in any other circumstance.

**(e)**

**(1)** If the debtor in a case under chapter 7 or 13 is an individual and if a creditor files with the court at any time a request to receive a copy of the petition, schedules, and statement of financial affairs filed by the debtor, then the court shall make such petition, such schedules, and such statement available to such creditor.

**(2)**

**(A)** The debtor shall provide—

**(i)** not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and

24

**(ii)** at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.

**(B)** If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

**(C)** If a creditor requests a copy of such tax return or such transcript and if the debtor fails to provide a copy of such tax return or such transcript to such creditor at the time the debtor provides such tax return or such transcript to the trustee, then the court shall dismiss the case unless the debtor demonstrates that the failure to provide a copy of such tax return or such transcript is due to circumstances beyond the control of the debtor.

**(3)** If a creditor in a case under chapter 13 files with the court at any time a request to receive a copy of the plan filed by the debtor, then the court shall make available to such creditor a copy of the plan—

**(A)** at a reasonable cost; and

**(B)** not later than 7 days after such request is filed.

**(f)** At the request of the court, the United States trustee, or any party in interest in a case under chapter 7, 11, or 13, a debtor who is an individual shall file with the court—

**(1)** at the same time filed with the taxing authority, a copy of each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) with respect to each tax year of the debtor ending while the case is pending under such chapter;

**(2)** at the same time filed with the taxing authority, each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) that had not been filed with such authority as of the date of the commencement of the case and that was subsequently filed for any tax year of the debtor ending in the 3-year period ending on the date of the commencement of the case;

**(3)** a copy of each amendment to any Federal income tax return or transcript filed with the court under paragraph (1) or (2); and

**(4)** in a case under chapter 13—

**(A)** on the date that is either 90 days after the end of such tax year or 1 year after the date of the commencement of the case, whichever is later, if a plan is not confirmed before such later date; and

**(B)** annually after the plan is confirmed and until the case is closed, not later than the date that is 45 days before the anniversary of the confirmation of the plan;

a statement, under penalty of perjury, of the income and expenditures of the debtor during the tax year of the debtor most recently concluded before such statement is filed under this paragraph, and of the monthly income of the debtor, that shows how income, expenditures, and monthly income are calculated.

25

**(g)**

**(1)** A statement referred to in subsection (f)(4) shall disclose—

**(A)** the amount and sources of the income of the debtor;

**(B)** the identity of any person responsible with the debtor for the support of any dependent of the debtor; and

**(C)** the identity of any person who contributed, and the amount contributed, to the household in which the debtor resides.

**(2)** The tax returns, amendments, and statement of income and expenditures described in subsections (e)(2)(A) and (f) shall be available to the United States trustee (or the bankruptcy administrator, if any), the trustee, and any party in interest for inspection and copying, subject to the requirements of section 315(c) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**(h)** If requested by the United States trustee or by the trustee, the debtor shall provide—

**(1)** a document that establishes the identity of the debtor, including a driver's license, passport, or other document that contains a photograph of the debtor; or

**(2)** such other personal identifying information relating to the debtor that establishes the identity of the debtor.

**(i)**

**(1)** Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

**(2)** Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 7 days after such request.

**(3)** Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing.

**(4)** Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

**(j)**

**(1)** Notwithstanding any other provision of this title, if the debtor fails to file a tax return that becomes due after the commencement of the case or to properly obtain an extension of the due date for filing such return, the taxing authority may request that the court enter an order converting or dismissing the case.

**(2)** If the debtor does not file the required return or obtain the extension referred to in paragraph (1) within 90 days after a request is filed by the taxing authority under that paragraph, the court shall convert or dismiss the case, whichever is in the best interests of creditors and the estate.

**https://www.ecfr.gov/current/title-24/subtitle-B/chapter-I/part-180/subpart-B/section-**

**24 U. S. C. § 180.21524 Ex parte communications.**

(a) An ex parte communication is any direct or indirect communication concerning the merits of a pending proceeding, made by a party in the absence of any other party, to the presiding ALJ, and which was neither on the record nor on reasonable prior notice to all parties. Ex parte communications do not include communications made for the sole purpose of scheduling hearings, requesting extensions of time, or requesting information on the status of cases.

(b) Ex parte communications are prohibited.

(c) If the ALJ receives an ex parte communication that the ALJ knows or has reason to believe is prohibited, the ALJ shall promptly place the communication, or a written statement of the substance of the communication, in the record and shall furnish copies to all parties. Unauthorized communications shall not be taken into consideration in deciding any matter in issue. Any party making a prohibited ex parte communication may be subject to sanctions including, but not limited to, exclusion from the proceeding and an adverse ruling on the issue that is the subject of the prohibited communication.

https://www.law.cornell.edu/rules/frbp/rule

8007

**(a) Initial Motion in the Bankruptcy Court.**

(1) *In General*. Ordinarily, a party must move first in the bankruptcy court for the following relief:

(A) a stay of the bankruptcy court's judgment, order, or decree pending appeal;

(B) the approval of a bond or other security provided to obtain a stay of judgment;

27

(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or

(D) an order suspending or continuing proceedings or granting other relief permitted by (e).

(2) *Time to File*. The motion may be filed either before or after the notice of appeal is filed.

(b) Motion in the District Court, BAP, or Court of Appeals on Direct Appeal.

(1) *In General*. A motion for the relief specified in (a)(1)—or to vacate or modify a bankruptcy court's order granting such relief—may be filed in the court where the appeal is pending.

(2) *Required Showing*. The motion must:

(A) show that moving first in the bankruptcy court would be impracticable; or

(B) if a motion has already been made in the bankruptcy court, state whether the court has ruled on it, and if so, state any reasons given for the ruling.

(3) *Additional Requirements*. The motion must also include:

(A) the reasons for granting the relief requested and the facts relied on;

(B) affidavits or other sworn statements supporting facts subject to dispute; and

(C) relevant parts of the record.

(4) *Serving Notice*. The movant must give reasonable notice of the motion to all parties.

(c) *Filing a Bond or Other Security as a Condition of Relief*.1 The district court, BAP, or court of appeals may condition relief on filing a bond or other security with the bankruptcy court.

(d) *Bond or Other Security for a Trustee; Not for the United States*.1 The court may require a trustee who appeals to file a bond or other security. No bond or security is required when:

(1) the United States, its officer, or its agency appeals; or

(2) an appeal is taken by direction of any federal governmental department.

(e) *Continuing Proceedings in the Bankruptcy Court*.1 Despite Rule 7062—but subject to the authority of the district court, BAP, or court of appeals—while the appeal is pending, the bankruptcy court may:

(1) suspend or order the continuation of other proceedings in the case, or

(2) issue any appropriate order to protect the rights of all parties in interest.

https://www.law.cornell.edu/rules/frbp/rule_8007

**FRBP Rule 8007. Stay Pending Appeal; Bond; Suspending Proceedings**

28

(a) Initial Motion in the Bankruptcy Court.

(1) *In General.* Ordinarily, a party must move first in the bankruptcy court for the following relief:

(A) a stay of the bankruptcy court's judgment, order, or decree pending appeal;

(B) the approval of a bond or other security provided to obtain a stay of judgment;

(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or

(D) an order suspending or continuing proceedings or granting other relief permitted by (e).

(2) *Time to File.* The motion may be filed either before or after the notice of appeal is filed.

(b) Motion in the District Court, BAP, or Court of Appeals on Direct Appeal.

(1) *In General.* A motion for the relief specified in (a)(1)—or to vacate or modify a bankruptcy court's order granting such relief—may be filed in the court where the appeal is pending.

(2) *Required Showing.* The motion must:

(A) show that moving first in the bankruptcy court would be impracticable; or

(B) if a motion has already been made in the bankruptcy court, state whether the court has ruled on it, and if so, state any reasons given for the ruling.

(3) *Additional Requirements.* The motion must also include:

(A) the reasons for granting the relief requested and the facts relied on;

(B) affidavits or other sworn statements supporting facts subject to dispute; and

(C) relevant parts of the record.

(4) *Serving Notice.* The movant must give reasonable notice of the motion to all parties.

(c) *Filing a Bond or Other Security as a Condition of Relief.*1 The district court, BAP, or court of appeals may condition relief on filing a bond or other security with the bankruptcy court.

(d) *Bond or Other Security for a Trustee; Not for the United States.*1 The court may require a trustee who appeals to file a bond or other security. No bond or security is required when:

(1) the United States, its officer, or its agency appeals; or

(2) an appeal is taken by direction of any federal governmental department.

(e) *Continuing Proceedings in the Bankruptcy Court.*1 Despite Rule 7062—but subject to the authority of the district court, BAP, or court of appeals—while the appeal is pending, the bankruptcy court may:

29

(1) suspend or order the continuation of other proceedings in the case, or

(2) issue any appropriate order to protect the rights of all parties in interest.

*If the litigation is "non-core" (related to the bankruptcy but not central to it), the bankruptcy court may allow the state court appeal to proceed, or it might withdraw the reference and have the case handled in federal district court.*

*Under 28 U.S.C. § 1334(c)(1), federal courts have the discretion to abstain from hearing specific bankruptcy-related proceedings in the interest of justice, comity with state courts, or respect for state law. This permissive abstention applies to cases arising under, in, or related to a bankruptcy case.*

- **Discretionary:** *Unlike mandatory abstention under § 1334(c)(2), this is discretionary and not based on a mandatory timeline.*
- **Factors Considered:** *Courts often look at the presence of unsettled state law issues, forum shopping, the burden on the bankruptcy court, and the relatedness to the main bankruptcy case.*

- *Section 1334(c)(2) requires abstention if the action could not have been commenced in federal court absent bankruptcy jurisdiction. Simply stated, this condition is met if there are no ordinary grounds for federal jurisdiction, such as diversity of citizenship or a federal question.*
*<u>Supplemental Jurisdiction:</u> Under 28 U.S.C. § 1367, federal courts can hear related state-law claims that do not independently meet these requirements if they form part of the same case.*
*<u>Removal:</u> A defendant can remove a case from state to federal court if it could have originally been filed there*

*(e)The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—*

*(1)of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and*

*(2)over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327*

30

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DIVISION OF GEORGIA**
**GAINSVILLE DIVISION**

IN RE: SOUTHERN TREE PROFESSIONALS LLC.

Jermaine Brown                                      **ADVERSARY PROCEEDING**
initiator                                                              11
V.
Southern Tree Professionals LLC.,
Southern Tree Pros.,                            Adversary # ⁻ ⁻ ⁻ ⁻ ⁻
Cincinnati Insurance Company, Et al.                Appeal #
Opponent                                          Case# 25-21754-jrs

**Certificate of Service**

**I, the undersigned, hereby certify under penalty of perjury that I am, and  at all
times hereinafter mentioned, was more than 18 years of age, and that on the 6th
day of February, 2026 I served an electronic copy which was filed in this
bankruptcy matter on the 6th day of, February, 2026.**

**Assistant Vice President**      **Thomas L. Saineghi, AIC of**
                                  **The Cincinnati Insurance Companies**
                                  **6200 S Gilmore Rd, Fairfield, OH 45014**
                                                **513-973-3084**
                                          **Fax:   513-881-8025**
                        **Email: tom_saineghi@cinfin.com Regional Manager Casualty Claims**


**Party:  Attorney: Debtor**

                              **Represented by Ceci Christy**
                        **Rountree Leitman Klein & Geer, LLC**
                              **2987 Clairmont Rd, Ste 350**
                                   **Atlanta, GA 30329**
                                     **404-584-1238**
                                   **Fax: 404-219-6915**
                          **Email: cchristy@rlkglaw.com**

                         **Southern Tree Professionals LLC**
                         **2743 Orchard Knob SE**
                         **Atlanta, GA 30339**
                         **FANNIN-GA**
                         **Tax ID / EIN: 45-4081418**

                              **William A. Rountree**

31

Rountree Leitman Klein & Geer, LLC
Century Plaza I, Suite 350
2987 Clairmont Road
Atlanta, GA 30329404-584-1238
**Email:** wrountree@rlkglaw.com

Clerk of the U.S. Bankruptcy Court
United States Bankruptcy Court and
United States Courthouse
121 Spring Street
Gainesville Georgia 30351

U.S. Trustee
United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
404-331-4437
represented by David S. Weidenbaum

Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 331-4437
**Email:** david.s.weidenbaum@usdoj.gov

**I certify under the penalty of perjury that the foregoing is true and correct.**

Jermaine Brown
5016 Windsor Downs Dr.
Decatur, Ga 30035
brownnash1113@gmail.com
470-606-7124