UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| In Re:<br><br>**SOUTHERN TREE PROFESSIONALS, LLC,**<br><br>Debtor. | **CASE NO. 25-21754-JRS**<br><br>**CHAPTER 11** |

### NOTICE OF ASSIGNMENT OF HEARING

**PLEASE TAKE NOTICE** that Debtor has filed a *Motion to Assume Unexpired Lease of Non-Residential Real Property* (the "**Motion**") and related papers with the Court on February 26, 2026 seeking an order allowing Debtor to assume an unexpired lease of non-residential real property.

**PLEASE TAKE FURTHER NOTICE** that the Court will a hearing on the Motion at **10:30 a.m.** on **March 24, 2026** in **Courtroom 103, United States Courthouse, 121 Spring Street, SE, Gainesville, Georgia 30501**, which calendar call may be attended in person or via the Court's Virtual Hearing Room. Except as explained in the hearing procedures on Judge Sacca's Chambers webpage, any matter held ready at the calendar call for the Court to hear shall be heard later that day in person at either 11 a.m. or 1 p.m. as mutually requested by the parties in the Courtroom listed above. Please check the "Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, which includes a link to Judge Sacca's Chambers webpage, for more information and instructions on how to participate in Court hearings. You may also review the "Hearing Information" tab on Judge Sacca's Chambers' webpage for further information about the procedures for the hearing. If the parties do not mutually agree to have the matter heard in person at 11 a.m. (or such other time agreed to by the parties and approved by the Court, such as 11:30 a.m. that day), the matter will be heard in person at 1 p.m. that day.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, 121 Spring Street, SE, Gainesville, Georgia 30501. You must also mail a copy of your response to the undersigned at the address stated below.

1

-2-

Dated: February 26, 2026

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| In Re:<br><br>**SOUTHERN TREE PROFESSIONALS, LLC,**<br><br>　　　　Debtor. | CASE NO. 25-21754-JRS<br><br>CHAPTER 11 |

### DEBTOR'S MOTION TO ASSUME UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY

Southern Tree Professionals, LLC ("**Debtor**"), debtor and debtor-in-possession in the above-captioned case, files this *Motion to Assume Unexpired Lease of Non-Residential Real Property* (the "**Motion**"). Through the Motion, Debtor seeks to assume a commercial lease for real property where it operates its mulching and concrete crushing business. In support of the Motion, Debtor respectfully shows the Court as follows:

#### JURISDICTION AND VENUE

1.

The United States Bankruptcy Court for the Northern District of Georgia has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Debtor consents to the entry of a final order by the Court in connection with this Motion. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.

The statutory and legal predicates for the relief requested are 11 U.S.C. §§ 105(a) and 365 and Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") 6006, 9014, and 9006.

1

## Background

3.

On December 5, 2025 (the "**Petition Date**"), Debtor commenced its case by filing a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"). Since the Petition Date, Debtor has continued managing its financial affairs and operating its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. An unsecured creditors committee was appointed in this case, but no trustee or examiner has been appointed.

4.

Riverview Land Investments, LLC, is the landlord on a Ground Lease dated February 1, 2022, as amended by a First Amended dated October 15, 2023 and a Second Amendment dated April 4, 2024 (the "**Lease**"), with Debtor (the "**Landlord**") for two parcels of real property, Parcel 1 – 2.463 acres and Parcel 3 – 10.424 acres, located at 6384 River View Road, Mableton, Cobb County, Georgia 30126 (the "**Property**").

5.

The monthly payments due under the Lease are $37,500.00.

6.

Debtor is current on all prepetition and post-petition Lease obligations.

7.

Assumption of the Lease is integral to Debtor's ongoing business operations and is necessary for an effective reorganization. Debtor uses the Lease in the ordinary course of operating

-2-

its business and it is essential to Debtor's operations. Assumption will allow Debtor to continue operations throughout the pendency of the case, post confirmation, and over the life of the Lease. If Debtor were to reject the Lease, Debtor could face large rejection damages claims from the Landlord. Debtor also would be required to lease a new location for its operations which would result in significant costs to Debtor. As a result, cash flow would be seriously impaired. Consequently, rejecting the Lease would harm not only Debtor's ability to continue operating, but also jeopardize the return for unsecured creditors under Debtor's plan of reorganization

### Request and Basis for Relief

8.

By this Motion, Debtor respectfully requests, pursuant to §§ 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006 and 9014, the entry of an order, substantially in the form of the Proposed Order, authorizing the assumption of the Lease.

9.

The Court should authorize assumption of the Lease. Section 365(a) of the Bankruptcy Code provides that a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor in possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993).

10.

A debtor-in-possession's decision to assume or reject an unexpired lease is subject to review under the business judgment standard. *See In re Gardiner, Inc.*, 831 F.2d 974, 975 (11th

-3-

Cir. 1987); *Orion Pictures*, 4 F.3d at 1098–99. Under this rule, the debtor-in-possession's assumption of a lease is appropriate if it will benefit the estate. *Westshire, Inc. v. Trident Shipworks, Inc.*, 247 B.R. 856 (M.D. Fla. 2000). Upon finding that a debtor has exercised sound business judgment in determining that assumption of a particular contract is in the best interests of the estate, the Court should approve assumption under § 365(a) of the Bankruptcy Code. *In re Gucci*, 193 B.R. 411, 415 17 (S.D.N.Y. 1996) (affirming approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"). In the case of assumption, "[t]he § 365 election permits a [debtor-in-possession] to . . . continue performance on a contract which will benefit the estate." *In re Diamond Mfg., Co.*, 164 B.R. 189 (Bankr. S.D. Ga. 1994) (citing *In re Brada Miller Freight Sys., Inc.*, 702 F.2d 890, 893-94 (11th Cir. 1983).

11.

Here, the assumption of the Lease is a valid exercise of business judgment and in the best interests of Debtor's estate. The decision to assume the Lease was made by Debtor after carefully considering and weighing all factors pertaining to the Lease, the terms of the Lease, the location of the Lease, the costs of changing locations, and the benefit to Debtor and creditors. The Lease represents a cost-effective asset to the estate and assuming the Lease is an exercise of prudent judgment under these circumstances.

12.

Pursuant to § 365(b) of the Bankruptcy Code, for a debtor to assume an executory contract or unexpired lease, the debtor must cure any defaults under the contract or provide adequate

assurance that it promptly will cure such defaults and provide adequate assurance of future performance under such contract or lease. 11 U.S.C. § 365(b).

13.

Under § 365(b)(1)(A), a debtor may only assume an executory contract if it "cures, or provides adequate assurance that [it] will promptly cure, such default." 11 U.S.C. § 365(b)(1)(A). Whether a cure is "prompt" for purposes of § 365(b)(1)(A) depends on the facts and circumstances of each case. *See, e.g., In re Mako, Inc.*, 102 B.R. 818, 821 (Bankr. E.D. Okla. 1988). For example, in authorizing a debtor to assume an executory beer distributorship, the court in *In re Coors of North Mississippi, Inc.*, 27 B.R. 918 (Bankr. N.D. Miss. 1983), permitted the debtor to cure a pre-petition default totaling between $110,000 and $115,000 over a thirty-six (36) month period.

14.

In this case, there are no defaults under the Lease. Debtor is current on its post-petition obligations related to the Lease.

15.

The Bankruptcy Code's requirement to provide adequate assurance of future performance is also satisfied here. Under § 365(b)(1)(C), a debtor may only assume an executory contract if it "provides adequate assurance of future performance under such contract or lease." 11 U.S.C. § 365(b)(1)(C). "'[A]dequate' is a term of art and simply means assurances that are commercially reasonable under the particular circumstances of the case," which is a "commonsense, case-specific inquiry." *In re Res. Tech. Corp.*, 624 F.3d 376, 383 (7th Cir. 2010). Courts commonly apply a "more likely than not" standard in evaluating the adequacy of the future-performance assurances. *Id*. at 384. Thus, in the context of a lease assumption, where the debtor shows "it [is] more likely than not to perform the obligations of the contract," the requirements of § 365(b)(1)(C)

-5-

have been met. *Id*. Put simply, "[i]n assessing adequate assurance of future performance under § 365(b)(1)(C), the test is not one of guaranty, but simply whether it appears that the rent will be paid and other obligations met." *In re Embers 86th St., Inc.*, 184 B.R. 892, 902 (Bankr. S.D.N.Y. 1995) (internal quotation omitted); *see also In re Bygaph*, 56 B.R. 596, 605 (Bankr. S.D.N.Y. 1986) (stating that "[t]he chief determinant of adequate assurance of future performance is whether the rent will be paid").

16.

Since the Petition Date, Debtor has made all post-petition rent payments. Consistent with Debtor's post-petition performance to date, Debtor will continue to make the required monthly payments under the Lease.

17.

Pursuant to Bankruptcy Rule 6006(d), Debtor requests that the Court waive the stay of the order approving this Motion so that the order is effective immediately.

## CONCLUSION

For the reasons set forth above, Debtor respectfully requests that the Court grant this Motion and enter an order substantially in the form of the proposed order attached hereto as **Exhibit A** and grant such other and further relief as is just and proper.

Dated: February 26, 2026.  **ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

**EXHIBIT A**
Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| In Re:<br><br>**SOUTHERN TREE PROFESSIONALS, LLC,**<br><br>      **Debtor.** | **CASE NO. 25-21574-JRS**<br><br>**CHAPTER 11** |

**ORDER GRANTING DEBTOR'S**
**MOTION TO ASSUME UNEXPIRED REAL PROPERTY LEASE**

This matter came before the Court on March 24, 2026, upon Debtor's *Motion to Assume Unexpired Non-Residential Real Property Lease* [Doc. No. ___] filed on February 25, 2026 (the "**Motion**"),[1] and the Court, having reviewed the Motion; having determined that the relief requested in the Motion constitutes a sound exercise of Debtor's business judgment; and based on the findings of fact and conclusions of law announced on the record which findings and conclusions are incorporated herein; it is

**ORDERED** as follows:

1. The Motion is GRANTED as set forth herein.

2. Debtor is authorized to assume the Lease with respect to the Property effective immediately.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

-7-

3. Debtor is authorized to execute all documents and take all actions, that it deems reasonable, necessary and/or desirable to effectuate the authorized relief.

4. Notwithstanding anything to the contrary, this Order shall be effective and enforceable immediately upon entry.

5. The Court shall have jurisdiction over any matters related to the implementation or interpretation of this Order.

### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
Ceci Christy
Georgia Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
ccchristy@rlkglawfirm.com
*Attorneys for Debtor*

-8-

**Distribution List**

Ceci Christy
R<small>OUNTREE</small> L<small>EITMAN</small> K<small>LEIN</small> & G<small>EER</small>, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following parties with a copy of the foregoing by the court using the CM/ECF system, which will send an electronic e-mail notification to the parties as indicated below:

- **Thomas E. Austin**   taustin@taustinlaw.com, klyons@taustinlaw.com
- **Ron C. Bingham**   ron.bingham@arlaw.com, lianna.sarasola@arlaw.com
- **Ryan Burgett**   ryan.burgett@huschblackwell.com, serena.gray@huschblackwell.com;ryan-burgett-4182@ecf.pacerpro.com
- **Jody Charles Campbell**   jody@blumcampbell.com
- **Stephen P. Drobny**   sdrobny@joneswalker.com, nkatsaras@joneswalker.com;miamiservice@joneswalker.com
- **London England**   lengland@reedsmith.com
- **Scott D Fink**   bronationalecf@weltman.com, ksmith@weltman.com;sfink@weltman.com
- **Arielle Frank**   afrank@fellab.com, zzelazny@fellab.com
- **Brian Gipson**   bgipson@ashenlaw.com
- **Anthony F. Giuliano**   afg@glpcny.com, afg@ecf.courtdrive.com
- **Tyler Henderson**   tyler@stantonlawllc.com, stacey-ann.gordon@stantonlawllc.com
- **Anna Mari Humnicky**   ahumnicky@smallherrin.com, klemons@smallherrin.com;kweindorf@smallherrin.com
- **A. Michelle Hart Ippoliti**   Michelle.ippoliti@mccalla.com, bankruptcyecfmail@mccalla.com;mccallaecf@ecf.courtdrive.com
- **Bryan Scott Kaplan**   bk@kaplanlawga.com, sagis@kaplanlawga.com
- **Charles N. Kelley**   charles@charleskelley.law, tammy@charleskelley.law;1663@notices.nextchapterbk.com;3667002420@filings.docketbird.com
- **Steven M. Kushner**   skushner@fellab.com, kconklin@fellab.com;asoro@fellab.com;e-filings@fellab.com;skushner@ecf.courtdrive.com;ktompkins@fellab.com;zzelazny@fellab.com
- **Matthew Joseph Lee**   mjl@replevin.com, ecf@writofseizure.com
- **James W. Martin**   james@jmartinlawatl.com
- **Garry Masterson**   bronationalecf@weltman.com
- **Thomas T. McClendon**   tmcclendon@joneswalden.com, jwdistribution@joneswalden.com;bdernus@joneswalden.com
- **Sean O'Donovan**   sodonovan@bakerdonelson.com, mparris@bakerdonelson.com
- **Scott B. Riddle**   scott@scottriddlelaw.com, admin@scottriddlelaw.com
- **Amin Sadri**   asadri@Kaplanlawga.com
- **Kevin A. Stine**   kstine@bakerdonelson.com, smeadows@bakerdonelson.com;ali.lowe@bakerdonelson.com
- **David S. Weidenbaum**   david.s.weidenbaum@usdoj.gov

- **Daniel L. Wilder**    dwilder@goodmanlaw.org, bkydept@goodmanlaw.org;bkydept5@goodmanlaw.org

**Ally Bank**
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**AmeriCredit Financial Services, Inc. DBA GM Financial**
P O Box 183853
Arlington, TX 76096

**Jermaine Brown**
5016 Windsor Downs Dr
Decatur, GA 30035

**Cowin Equipment Company, Inc.**
c/o Richard Brennan
P.O. Box 10624
Birmingham, AL 35202

**Impact Rentals LLC**
c/o Jean Berry
6333 Post Rd
Douglasville, GA 30135

**Jacob McDaniel Enterprises LLC**
c/o Jacob McDaniel
5440 June Ivey Rd. NW
Bethlehem, GA 30620

**Metro Trailer Leasing**
100 Metro Parkway
Pelham, AL 35124

**Powerscreen of Florida, Inc.**
c/o Alex Oak
5125 Frontage Rd N
Lakeland, FL 33810

**Wilson Finley Company**
c/o Vito DAmbrosio
5901 Chapel Hill Rd.
Raleigh, NC 27607

3

      And by First Class United States Mail with sufficient postage attached thereto and electronic mail addressed as follows:

Riverview Land Investments, LLC
c/o Rachel A. Sternlieb
Nelson Mullins
201 17th Street NW
Suite 1700
Atlanta, Georgia 30363
Rachel.sternlieb@nelsonmullins.com

Dated: February 26, 2026.                    */s/ Ceci Christy*
                                                                                            Ceci Christy
                                                                            Georgia Bar No. 370092