

**IT IS ORDERED as set forth below:**

**Date: March 25, 2026**

_____
**James R. Sacca**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **In Re:** | **CASE NO.  25-21754-JRS** |
| **SOUTHERN  TREE  PROFESSIONALS, LLC,** | **CHAPTER 11** |
| **Debtor.** | |

**ORDER GRANTING MOTION TO EXTEND THE EXCLUSIVE PERIODS DURING**
**WHICH DEBTOR MAY FILE AND SOLICIT ACCEPTANCES OF**
**A CHAPTER 11 PLAN**

This matter came before the Court on March 24, 2026 (the "**Hearing**") on Debtor's motion

(the "**Motion**")[1] filed by Debtor on February 19, 2026 [Doc. No. 171] for entry of an order under

Bankruptcy Code § 1121(d) extending Debtor's exclusive period to file a chapter 11 plan and to

solicit votes to approve a chapter 11 plan (the "**Exclusivity Periods**"); and no objections being

filed or raised at the Hearing; this Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and sufficient notice of

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

the Motion having been given under the particular circumstances; and this Court having determined that the relief sought in the Motion is in the best interests of Debtor's estate, its creditors, and all parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.   The Motion is **GRANTED** as set forth herein.

2.   Pursuant to Bankruptcy Code § 1121(d), no party, other than Debtor, may file any chapter 11 plan from the date hereof through and including **August 4, 2026**.

3.   Pursuant to Bankruptcy Code § 1121(d), no party, other than Debtor, may solicit votes to accept a proposed chapter 11 plan filed with this Court during the period from the date hereof through and including **October 3, 2026.**

4.   Nothing herein shall prejudice Debtor's right to seek further extensions of the Exclusivity Periods consistent with Bankruptcy Code § 1121(d).

5.   This Order shall be effective and enforceable immediately upon entry hereof.

6.   Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.   This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

8.   Counsel for Debtor shall, within the (3) days of the entry of this Order, cause a copy of this Order to be served by United States First Class Mail, postage prepaid, on all parties on the mailing matrix, including the United States Trustee, and shall file promptly thereafter a certificate of service confirming such service.

### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Ceci Christy*
Ceci Christy, Ga. Bar No. 370092
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329 (404)
584-1238 Telephone
cchristy@rlkglaw.com
*Attorneys for Debtor*

**Distribution List**

Ceci Christy
ROUNTREE LEITMAN KLEIN & GEER, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303