**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SOUTHERN TREE PROFESSIONALS LLC, | ) | CASE NO.  25 – 21754 - JRS |
| | ) | |
| DEBTOR. | ) | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS**
**OR CONVERT CASE TO CHAPTER 7**

Guy A. Van Baalen, Acting United States Trustee for Region 21 ("United States Trustee"), pursuant to 28 U.S.C. § 586(a)(3), respectfully moves the Court to dismiss this case or alternatively convert the case to one under chapter 7.  In support of this motion, the United States Trustee shows the Court as follows.

1.     On December 5, 2025, Southern Tree Professionals LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Georgia, Gainesville Division.

2.     The United States Trustee is a party in interest and may raise and may appear and be heard on any issue in any case of proceeding under title 11.  11 U.S.C. § 307.  Pursuant to 28 U.S.C. § 586(a)(3), the United States Trustee's duties include supervising the administration of chapter 11 cases.

3.     Bankruptcy Code section 1112(b)(1) provides that:

... on request of a party in interest, and after notice and a hearing, absent unusual
circumstances.....the court shall convert a case under this chapter to a case under
chapter 7 or dismiss a case under this chapter to a case under chapter 7 or dismiss

a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

4.      Bankruptcy Code section 105(d)(1) provides that, on request of a party in interest, the Court shall hold a status conference as necessary to further the expeditious and economical resolution of the case. Bankruptcy Code section 105(d)(2) authorizes the Court to issue an order at any such status conference prescribing such limitations and conditions as the Court deems appropriate to ensure the case is handled expeditiously and economically, including an order that sets a date by which the debtors shall file a plan and disclosure statement and a date by which the debtors shall solicit acceptances of a plan.

### Debtor's Failure to Timely Satisfy Reporting Requirements

5.      Bankruptcy Code section 704(a)(8) requires the Debtor to file with the Court and the United States Trustee periodic reports and summaries of the operation of its business, including a statement of receipts and disbursements, and such other information as the United States Trustee or the Court requires. Federal Rule of Bankruptcy Procedure 2015(a) directs chapter 11 debtors-in- possession to file the reports and summaries required by section 704(a)(8). The United States Trustee is responsible for ensuring all reports, schedules, and fees required to be filed by a debtor are properly and timely filed, monitor the progress of the case, and take the necessary action to prevent undue delay in such progress.  28 U.S.C. § 586 (a)(3)(D) and (G). Accordingly, the United States Trustee for Region 21 has established Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees (the "Guidelines").  The Guidelines explicitly state that compliance is essential and that the debtor's failure to comply may result in the United States Trustee filing a motion to dismiss or convert the case, a motion for appointment of a chapter 11 trustee or an examiner, or a motion for sanctions.

6.      The electronic docket maintained by the Clerk of Court reflects that the Debtor has failed to file operating reports for the months of March 2026 through May 2026.

7.      Bankruptcy Code section 1112(b)(4)(F) provides that "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" constitutes cause for dismissal or conversion of the case. Bankruptcy Code section 1112(b)(4)(H) provides that "failure timely to provide information or attend meetings reasonably requested by the United States trustee" constitutes cause for dismissal or conversion of the case.

### Debtor's Failure to Timely Pay Quarterly Fees.

8.      A debtor's failure to timely pay quarterly fees is cause for dismissal or conversion of this case pursuant to 11 U.S.C. §1112(b)(4)(K).

9.      Debtor is delinquent in the payment of quarterly fees in the following estimated amount: $26,291.

### Cause Exists for Dismissal or Conversion of the Case

10.     "Section 1112(b)(4) states, 'the term "cause" includes--' and then lists sixteen examples of "cause." The list is not exhaustive, and a case may be dismissed for other causes, such as bad faith or if the petition does not serve a bankruptcy purpose." *In re Americert, Inc.*, 360 B.R. 398, 401(Bankr. D. N.H. 2007).  "Fundamental bankruptcy policy continues to support the proposition that the inability to propose a feasible reorganization or liquidation plan provides 'cause' for dismissal or conversion of a chapter 11 case on request of an interested party.  *In re DCNC North Carolina I, LLC*, 407 B.R. 651, 666 (Bankr. E.D. Pa. 2009). "Chapter 11 debtors cannot "have their cake and eat it too"; the extraordinary relief provided by the bankruptcy laws

comes with a price. That 'price' includes the responsibility to pursue an open and expeditious reorganization." *In re Milford Connecticut Assoc., L.P.,* 389 B.R. 303, 309 (BK. Conn. 2008).


WHEREFORE, the United States Trustee respectfully requests that this Court dismiss this case or convert this case to chapter 7, and for all relief deemed necessary and appropriate.


Dated: <u>July 2, 2026</u>

GUY A. VAN BAALEN
ACTING UNITED STATES TRUSTEE
REGION 21

By: /s/ David S. Weidenbaum
David S. Weidenbaum
Georgia Bar No. 745892
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303
(404) 331 – 4705
David.S.Weidenbaum@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *United States Trustee's Motion to Convert or Dismiss Case* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Thomas E. Austin, Jr. on behalf of Creditor PACCAR Financial Corp.
taustin@taustinlaw.com, klyons@taustinlaw.com

Lanie Bandell on behalf of Creditor De Lage Landen Financial Services Inc
lbandell@loriumlaw.com, GeorgiaFilings@loriumlaw.com

Ron C. Bingham, II on behalf of Creditor Caterpillar Financial Services Corporation
ron.bingham@arlaw.com, lianna.sarasola@arlaw.com

Ryan Burgett on behalf of Creditor BMO Bank N.A.
ryan.burgett@huschblackwell.com, serena.gray@huschblackwell.com;ryan-burgett-4182@ecf.pacerpro.com

Jody Charles Campbell on behalf of Creditor Commercial Credit Group, Inc.
jody@blumcampbell.com

Ceci Christy on behalf of Debtor Southern Tree Professionals LLC
cchristy@rlkglaw.com,
wgeer@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577420@filings.docketbird.com;dsideris@rlkglaw.com;lmassey@rlkglaw.com

Stephen P. Drobny on behalf of Creditor Mitsubishi HC Capital America, Inc.
sdrobny@joneswalker.com, nkatsaras@joneswalker.com;miamiservice@joneswalker.com

London England on behalf of Creditor BMO Bank N.A.
lengland@reedsmith.com

Ian M. Falcone on behalf of Respondent FS Scarbrough LLC
legalassistant@falconefirm.com;Falcone.IanB103925@notify.bestcase.com

Scott D Fink on behalf of Creditor Toyota Industries Commercial Finance Inc
bronationalecf@weltman.com, ksmith@weltman.com;sfink@weltman.com

Arielle Frank on behalf of Creditor Allegiant Partners, Inc. DBA AP Equipment Financing
afrank@fellab.com, zzelazny@fellab.com

Will B. Geer on behalf of Attorney Rountree Leitman Klein & Geer, LLC
wgeer@rlkglaw.com,
dsideris@rlkglaw.com;willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;6717577
420@filings.docketbird.com;lmassey@rlkglaw.com;cwilliams@rlkglaw.com;ecf_emails@rlkgla
w.com

Brian Gipson on behalf of Creditor Old National Equipment Finance
bgipson@ashenlaw.com

Anthony F. Giuliano on behalf of Interested Party Global Merchant Cash, Inc.
afg@glpcny.com, afg@ecf.courtdrive.com

Andrew D. Gleason on behalf of Creditor Ally Bank
agleason@lrglaw.com

Andrew D. Gleason on behalf of Creditor AmeriCredit Financial Services, Inc. DBA GM
Financial
agleason@lrglaw.com

Andrew D. Gleason on behalf of Creditor First Citizens Bank & Trust Company
agleason@lrglaw.com

Tyler Henderson on behalf of Creditor Alliance Funding Group
tyler@stantonlawllc.com, heather.ard@stantonlawllc.com

Anna Mari Humnicky on behalf of Creditor MHC Financial Services, Inc.
ahumnicky@smallherrin.com, klemons@smallherrin.com;kweindorf@smallherrin.com

A. Michelle Hart Ippoliti on behalf of Creditor F.N.B. Equipment Finance
Michelle.ippoliti@mccalla.com,
bankruptcyecfmail@mccalla.com;mccallaecf@ecf.courtdrive.com

Bryan Scott Kaplan on behalf of Creditor Tractor and Equipment Company
bk@kaplanlawga.com, sagis@kaplanlawga.com

Charles N. Kelley, Jr on behalf of Creditor Stellify Capital, LLC
charles@charleskelley.law,
tammy@charleskelley.law;Kelley.CharlesB154518@notify.bestcase.com

Charles N. Kelley, Jr on behalf of Creditor UniFi Equipment Finance Inc.
charles@charleskelley.law,
tammy@charleskelley.law;Kelley.CharlesB154518@notify.bestcase.com

Benjamin S. Klehr on behalf of Creditor MHC Financial Services, Inc.
bklehr@smallherrin.com, klemons@smallherrin.com;kweindorf@smallherrin.com

Travis A. Knobbe on behalf of Creditor Old National Equipment Finance
travisk@tklaw-ga.com

Steven M. Kushner on behalf of Creditor Allegiant Partners, Inc. DBA AP Equipment Financing
skushner@fellab.com, kconklin@fellab.com;asoro@fellab.com;e-filings@fellab.com;skushner@ecf.courtdrive.com;ktompkins@fellab.com;zzelazny@fellab.com

Matthew Joseph Lee on behalf of Creditor Universal Finance Corp
mjl@replevin.com, ecf@writofseizure.com

James W. Martin on behalf of Creditor Financial Pacific Leasing, Inc.
james@jmartinlawatl.com

Garry Masterson on behalf of Creditor First Citizens Bank & Trust Company
bronationalecf@weltman.com

Thomas T. McClendon on behalf of Creditor Yancey Bros. Co.
tmcclendon@joneswalden.com, jwdistribution@joneswalden.com;eterrell@joneswalden.com

Jeremy T. McCullough on behalf of Creditor Pawnee Leasing Corporation
jmccullough@jtm-law.com

Sean O'Donovan on behalf of Creditor Banc of America Leasing & Capital LLC
sodonovan@bakerdonelson.com, mparris@bakerdonelson.com

Sean O'Donovan on behalf of Creditor HomeTrust Bank
sodonovan@bakerdonelson.com, mparris@bakerdonelson.com

Sean O'Donovan on behalf of Creditor Zaxis Financial Services Americas, LLC
sodonovan@bakerdonelson.com, mparris@bakerdonelson.com

Melanie C. Papadopoulos on behalf of Creditor Oakmont Capital Holdings LLC
mpapadopoulos@robbinsfirm.com

Jason L Pettie on behalf of Creditor Horizon Bank
jpettie@gordonpettie.com;pbicknell@gordonpettie.com

Scott B. Riddle on behalf of Creditor Great Lakes Petroleum Co.
scott@scottriddlelaw.com, admin@scottriddlelaw.com

William A. Rountree on behalf of Debtor Southern Tree Professionals LLC
wrountree@rlkglaw.com,
6717577420@filings.docketbird.com;wgeer@rlkglaw.com;2836@notices.nextchapterbk.com;willgeer@ecf.courtdrive.com;emillerrlkg@ecf.courtdrive.com;dsideris@rlkglaw.com;cwilliams@rlkglaw.com

Amin Sadri on behalf of Creditor Tractor and Equipment Company
asadri@Kaplanlawga.com

A. Todd Sprinkle on behalf of Creditor PNC BANK, NATIONAL ASSOCIATION
toddsprinkle@parkerpoe.com, wandaclay@parkerpoe.com;courtneyvolz@parkerpoe.com

Kevin A. Stine on behalf of Creditor Regions Bank, d/b/a Ascentium Capital
kstine@bakerdonelson.com, smeadows@bakerdonelson.com;ali.lowe@bakerdonelson.com

C Brent Wardrop on behalf of Creditor Wells Fargo Bank, N.A.
brent.wardrop@qpwblaw.com

C Brent Wardrop on behalf of Creditor Wells Fargo Vendor Financial Services, LLC
brent.wardrop@qpwblaw.com

Daniel L. Wilder on behalf of Creditor Amur Equipment Finance, Inc.
dwilder@goodmanlaw.org, bkydept@goodmanlaw.org;bkydept5@goodmanlaw.org

Daniel L. Wilder on behalf of Creditor Sumitomo Mitsui Finance and Leasing Co. Ltd.
dwilder@goodmanlaw.org, bkydept@goodmanlaw.org;bkydept5@goodmanlaw.org

Dated: July 2, 2026

GUY A. VAN BAALEN
ACTING UNITED STATES TRUSTEE
REGION 21

By: /s/ David S. Weidenbaum
David S. Weidenbaum